**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-41746-BEM |
| | ) | |
| Jannie Perry Terry, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,**
**DEADLINE FOR FILING WRITTEN OBJECTIONS AND**
**HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that Debtor has filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed Modification was filed on **May 11, 2021**. If the twenty-fourth day after the date of filing falls on a weekend or holiday, the deadline is extended to the next business day.

**PLACE OF FILING:**       Clerk, United States Bankruptcy Court
Room 339
600 East First Street
Rome, Georgia 30161-3187

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at: 600 Lakemont Drive, Dalton, GA 30720

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification on **June 9, 2021 at 9:50 a.m. in Courtroom 342, U.S. Courthouse, 600 East First Street, Rome, GA**. If no objection is timely filed, the Court may approve the proposed **Modification without further notice or hearing.**

**Dated:**   May 11, 2021

/s/_____
Dan Saeger, Attorney for Debtor
Georgia Bar No. 680628
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-41746-BEM |
| | ) | |
| Jannie Perry Terry, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**<u>AMENDED CHAPTER 13 PLAN COVER SHEET</u>**

1.  Amended to increase monthly payment to $850.

    This 11th day of May, 2021.

/s/_____
Dan Saeger
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

## CERTIFICATE OF SERVICE

I certify that true and correct copies of Debtor's **Post-Confirmation Amendment to the Chapter 13 Plan and Notice of Filing of Modification of Confirmed Plan, Deadline for Filing Written Objections and Hearing Date and Time if Objection is Timely Filed** have been served upon the following by placing same in an envelope with adequate First Class postage affixed and depositing same in the United States Mail addressed for delivery to:

All parties and creditors on the attached matrix.

This 11th day of May, 2021.

/s/_____
Dan Saeger
Attorney for Debtor
Georgia Bar No. 680628

SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

**Fill in this information to identify your case:**

Debtor 1  Jannie      Perry      Terry

    First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing) First Name      Middle Name      Last Name

United States Bankruptcy Court for the Northern District of Georgia

Case number  19-41746-BEM
    (if known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1, 9.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ■ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ■ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | ■ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ■ Not Incuded |

Debtor   Jannie Perry Terry                                    Case number   19-41746-BEM

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*  ■ 36 months        ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay _____$850.00__ per ____month____ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date):* | **The Regular Payment amount will change to** *(insert amount):* | **For the following reason** *(insert reason for change):* |
|---|---|---|
|  | _____ per ____week___ |  |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____ , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4   Additional Payments.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020.  (www.ganb.uscourts.gov/local-rules-and-orders)

Debtor   Jannie Perry Terry                                    Case number  19-41746-BEM

| **Part 3:** | **Treatment of Secured Claims** |
|---|---|

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2   Request for valuation of security and modification of certain undersecured claims.**

☑ **None.**  If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**§ 3.3   Secured claims to be paid in full.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below will be paid in full under the plan.  Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3)  the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| + / − | Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|---|
| + / − | Nissan Motor Acceptance | 2017 Nissan Maxima | 6/2018 | $30,553.00 | 5.5% | $100.00 | 100 step to 645 on 4/2020 |

**§ 3.4   Lien avoidance.**

*Check one.*

☑ **None.**  *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim.  The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.  Confirmation of the plan results in termination of such stays.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.  No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| + / − | Name of Creditor | Collateral |
|---|---|---|
| + / − | Westgate | Timeshare |

Debtor  Jannie Perry Terry _____    Case number  19-41746-BEM

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of ___5.5___ %.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---------|----------------------------------------|

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___4,000.00___.  The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___500.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4   Priority claims other than attorney's fees.**

☑ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|-------------------------------|--------------------------------------------------------------------------------------|---------------------------|----------------------|
| - |  |  |  |  |

Debtor  Jannie Perry Terry                          Case number  19-41746-BEM

☐  The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| - | | |

| **Part 5:** | **Treatment of Nonpriority Unsecured Claims** |

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐  A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑  A pro rata portion of the larger of (1) the sum of $___1,308.00___ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑  **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☑  **None.**  *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| **Part 6:** | **Executory Contracts and Unexpired Leases** |

**§ 6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑  **None.**  *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| **Part 7:** | **Vesting of Property of the Estate** |

**§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| **Part 8:** | **Nonstandard Plan Provisions** |

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

☐  **None.**  *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)**

Student loans shall remain deferred during the case.  If deferment ends during the case, debtor shall pay the student loans directly.

Debtor   Jannie Perry Terry                                              Case number   19-41746-BEM

| Part 9: | Signatures |
|---|---|

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below.  The attorney for the debtor(s), if any, must sign below.*

✘ /s/ Jannie Perry Terry

Signature of debtor 1 executed on   5//3/2021

MM / DD / YYYY

600 Lakemont Dr., Dalton, GA 30720

Address                                        City, State, ZIP code

✘ /s/ Dan Saeger

Signature of attorney for debtor(s)

Saeger & Associates, LLC

Firm

✘

Signature of debtor 2 executed on

MM / DD / YYYY

Address                                        City, State, ZIP code

Date:   5/3/2021

MM / DD / YYYY

706 S Thornton Ave Ste D, Dalton, GA 30720

Address                                        City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

```
Label Matrix for local noticing        Barclays Bank Delaware                  CB Indigo
113E-4                                  PO Box 8803                            PO Box 4499
Case 19-41746-bem                       Wilmington, DE 19899-8803              Beaverton, OR 97076-4499
Northern District of Georgia
Rome
Tue May 11 14:11:59 EDT 2021

Capital One Bank (USA), N.A.            Capital One Bank USA, N.A.             Dept of Education/Navient
by American InfoSource as agent        PO Box 30285                           PO Box 9635
4515 N Santa Fe Ave                    Salt Lake City, UT  84130-0285         Wilkes Barre, PA  18773-9635
Oklahoma City, OK 73118-7901


Discover Bank                          (p)DISCOVER FINANCIAL SERVICES LLC     EMERGENCY COVERAGE CORP
Discover Products Inc                  PO BOX 3025                            PO Box 1123
PO Box 3025                            NEW ALBANY OH 43054-3025               Minneapolis, MN 55440-1123
New Albany, OH  43054-3025


(p)GEORGIA DEPARTMENT OF REVENUE       HAMILTON MEDICAL CENTER INC            (p)JEFFERSON CAPITAL SYSTEMS LLC
COMPLIANCE DIVISION                    C/O NATIONWIDE RECOVERY SERVICE        PO BOX 7999
ARCS BANKRUPTCY                        PO BOX 8005                            SAINT CLOUD MN 56302-7999
1800 CENTURY BLVD NE SUITE 9100        CLEVELAND, TN 37320-8005
ATLANTA GA 30345-3202


Navient Solutions, LLC on behalf of    Nissan Motor Acceptance               Nissan Motor Acceptance Corporation
Department of Education Loan Services   POB 660366                            PO Box 660360
PO BOX 9635                            Dallas, TX  75266-0366                 Dallas, TX  75266-0360
Wilkes-Barre, PA 18773-9635


Online Information Services            PDQ Services                           PRA Receivables Management, LLC
PO Box 1489                            700 Churchill Ct Ste 200               PO Box 41021
Winterville, NC 28590-1489            Woodstock, GA  30188-6841              Norfolk, VA 23541-1021


Quantum3 Group LLC as agent for GPCC I LLC   Dan Saeger                       Syncb/Care Credit
PO Box 788                             Saeger & Associates, LLC               PO Box 965306
Kirkland, WA 98083-0788               Suite D                                Orlando, FL  32801
                                       706 S Thornton Ave
                                       Dalton, GA 30720-8212

Synchrony Bank                         Jannie Perry Terry                     Mary Ida Townson
c/o PRA Receivables Management, LLC    600 Lakemont Dr                        Chapter 13 Trustee
PO Box 41021                           Dalton, GA 30720-5265                  Suite 1600
Norfolk, VA 23541-1021                                                        285 Peachtree Center Ave, NE
                                                                             Atlanta, GA 30303-1259


Westgate
5601 Windhover Dr
Orlando, FL  32819-7936
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Financial Services LLC
PO Box 15316
Wilmington, DE  19850-5316

Georgia Department of Revenue
Taxpayer Services Division
PO Box 740321
Atlanta, GA 30734

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Navient Solutions, LLC. on behalf of
Department of Education Loan Services
PO BOX 9635
Wilkes-Barre, PA 18773-9635

End of Label Matrix
Mailable recipients     24
Bypassed recipients      1
Total                   25